FILED

UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
DIVISION

2018 NOV 21 AM 11: 34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

CASE NO.

2:18-cv-781-FtM-38MRM

## WAL-MART STORES EAST, L.P.'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Collier County, Florida, Case No. 2018-CA-002689 with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    BACKGROUND

1. On or about September 10, 2018, Plaintiffs commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. in the 20th Judicial Circuit Court in and for Collier County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Wal-Mart Stores East, L.P. on September 11, 2018.

2. Plaintiff, JAMES WELDON STRICKLER, alleges claims for negligence and negligent mode of operation against Walmart as a result of injuries he allegedly sustained on June 4, 2018 when he tripped and fell on the threshold in the back restroom of the Walmart store located at 5420 Juliet Boulevard, Naples, Florida 34109.

3. Plaintiff, JUDITH ANNE STRICKER, alleges a claim for loss of consortium arising out of the alleged incident.

4. Specifically, the Plaintiffs allege Walmart negligently created and/or maintained an unsafe walkway in its store, failed to reasonably inspect the premises in order to determine and identify unsafe and/or dangerous conditions existing on the premises, failed to follow applicable codes and standards including those promulgated by ADA which pertain to creating and maintaining safe walkways, failed to warn of the allegedly dangerous condition, and that Walmart negligently engaged in a mode of operations Defendant knew or should have known would result in unreasonably dangerous conditions, which was the proximate cause of injury and damages to Plaintiffs. See Ex. "A" at ¶ 9-15. Walmart denies these allegations.

5. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

6. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Collier County together with a docket sheet from the Clerk of the Court. See attached as Composite Ex. "B."

7. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

II. **REMOVAL IS TIMELY**

8. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Request

for Admissions. Plaintiff's Response to Request for Admissions is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on October 23, 2018, when Plaintiffs served Walmart with the Plaintiff's Response to Request for Admissions.

9. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Collier County, where Plaintiffs filed their state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

10. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

11. WAL-MART STORES EAST, L.P. was at the time of the alleged incident, and is currently, a Delaware limited partnership.

12. WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

13. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, and Arkansas Limited Liability Company.

14. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

15. Wal-Mart Stores, Inc., is and was at the time of the filing of the Complaint, an incorporated entity under the laws of the State of Delaware.

16. The principle place of business for all of the above mentioned entities (Wal-Mart Stores East, LP, WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is, and was at the time of the filing of the Complaint, Bentonville, Arkansas.

17. Hence, Defendant, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

18. Plaintiffs are citizens of the State of Florida residing in Collier County, Florida. Plaintiffs are not citizens of Delaware or Arkansas.

19. Although Plaintiff's Complaint does not specifically state Plaintiffs' citizenship, the 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005). Lastly, "it is a well-established rule that a party's current residence is prima facie evidence of her domicile." Estate of Cochran v. Marshall, 2017 WL 5899200 (MD Fla 2017), citing Deckers v. Kenneth W. Rose Inc., 592 F. Supp. 25, 28 (MD Fla 1984).

20. Plaintiffs' residence in Collier County, Florida is prima facia evidence of their domicile which is equivalent to citizenship for purposes of establishing diversity. McCormick at 1257.

21. Because there exists complete diversity between Plaintiffs and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### IV.     AMOUNT IN CONTROVERSY

22. The amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

23. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees," (Exhibit A, ¶1) – a review of the full Complaint, Response to Request for Admissions, medical records and medical expenses received confirm that the amount in controversy exceeds $75,000.

24. Plaintiffs allege in their Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff JAMES WELDON STRICKLER suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, JAMES WELDON STRICKLER, will suffer the losses in the future." Exhibit "A," ¶11;15.

25. Plaintiffs allege in their Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff JUDITH ANNE STRICKLER suffered "the loss of the

services, comfort, society, companionship and consortium of her spouse, Plaintiff JAMES WELDON STRICKLER, for a substantial period of time." Exhibit "A," ¶17.

26. In addition, on October 23, 2018 Plaintiffs served their response to Defendant's Request for Admissions, wherein Plaintiff JAMES WELDON STRICKLER admits that "it is likely he is seeking damages in excess of $75,000.00." *See* copy of Plaintiff's Response to Defendant's Request for Admissions attached as Composite Ex. "C".

27. Additionally, on October 25, 2018 Plaintiffs served their Response to Request for Production containing Plaintiff's medical records which confirm Plaintiff suffered a comminuted displaced left periprostetic femur fracture which required a left total hip arthroplasty.

28. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's Response to Request for Admissions as well as a review of Plaintiff's Complaint and review of Plaintiff's medical records and bills produced in discovery that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy).

29. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement."

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

30. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

31. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, asserted medical bills and Response to Request for Admissions there can be no doubt that the amount in controversy exceeds the requisite $75,000.00. The medical bills alone exceed $305,993.89. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages – "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, JAMES WELDON STRICKLER, will suffer the losses in the future." Exhibit "A," ¶11;15. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts

may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information provided in Plaintiff's pre-suit demand letter, and Plaintiff's equivocal discovery responses would not prove by a preponderance of the evidence that more than $75,00, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014)

32. Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000. *Id.* Further, the plaintiff's response to request for admissions alone met the definition of an "other paper" under § 1446(c)(3)(A). *Id.* at *3. Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

33. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.*, Case No. 5:10–cv–319, 2010 WL 6793850 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* at *3. Here, Plaintiff's alleged damages as admitted in his Response to the Defendant's Request for

Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V. CONCLUSION

Because there exists complete diversity between Plaintiffs and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiffs, through his attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Charlotte County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2018-CA-002689, on the docket of the Court for the 20th Judicial Circuit in and for Collier County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

_____
Traci T. McKee
Amanda J. Sharkey Ross

I HEREBY CERTIFY that on ___ I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark A. Miller, Esquire

Associates & Bruce L. Scheiner
Post Office Box 60049
Fort Myers, FL 33901
Telephone: 239.939.2900
service@blslawyers.com
service2.bls@gmail.com
Attorney for Plaintiffs

 

TRACI T. MCKEE
Florida Bar No. 0053088
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
Attorneys for Defendant, Wal-Mart Stores East, LP
HENDERSON, FRANKLIN, STARNES & HOLT
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
traci.mckee@henlaw.com
tracey.salerno@henlaw.com
amanda.ross@henlaw.com
janice.cruz@henlaw.com