11-2018-CA-002689-0001-XX

FILED

Filing # 77643599 E-Filed 09/10/2018 12:00:43 PM

2018 NOV 21  AM 11: 35

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**CIVIL ACTION**

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

      Plaintiffs,

v.

WALMART INC.,

      Defendant.

_____/

CASE NO.:

2:18-cv-781-FtM-38Mer

**COMPLAINT**

Plaintiffs, JAMES WELDON STRICKLER and JUDITH ANNE STRICKLER, sue

Defendant, WALMART INC., and allege:

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

1.      This is an action for damages in excess of $15,000.

2.      At the time of the occurrence of the subject incident, Defendant, WALMART INC.,

was a foreign profit corporation duly authorized and licensed to do business in the State of Florida,

and doing business in Collier County, Florida.

3.      On June 4, 2018, Defendant, WALMART INC., was doing business as a shopping

store (Walmart store # 5391) in Collier County, Florida.

4.      At the time of the occurrence of the subject incident, Defendant, WALMART INC.,

owned and/or leased certain premises existing at 5420 Juliet Boulevard, Naples, Collier County,

Florida.

5.      At the time of the occurrence of the subject incident, Defendant, WALMART INC.,

was in the exclusive and/or material possession or control of the above described premises.

[25049-18/8270084/2]

1

6.    On June 4, 2018, Plaintiff, JAMES WELDON STRICKLER, went upon the premises of Defendant, WALMART INC., as described, as a customer and invitee of Defendant.

7.    On June 4, 2018, Plaintiff, JAMES WELDON STRICKLER, was shopping at the Defendant's, WALMART INC., store when he went to use the restroom located at the back of the store since the restroom located at the front of the store was closed. The Plaintiff parked his scooter and got up to use the restroom. As Plaintiff was walking toward the restroom, his foot struck an improperly raised part of the walkway transition causing him to fall forward and land on his side, thereby sustaining multiple painful and permanent injuries.



**Improper and unsafe walkway transition from main floor area to bathroom area**

8.    At that time and place, Plaintiff, JAMES WELDON STRICKLER, was injured as a direct and proximate result of the negligence of Defendant, and Plaintiff, JUDITH ANNE STRICKLER, suffered loss of consortium as a result of the injuries to her husband.

### COUNT I – JAMES WELDON STRICKLER – NEGLIGENCE

Plaintiff, JAMES WELDON STRICKLER, realleges and incorporates herein paragraphs 1 through 8, above, and further states:

9.    At all times material hereto, Defendant, WALMART INC., owed a duty to

[25049-18/8270084/2]

2

customers and invitees on the property it owned, managed and/or operated, including Plaintiff, JAMES WELDON STRICKLER, to manage, operate, and maintain the above described property in a reasonably safe manner.    That is, it had a duty to refrain from acts or omissions of negligence in the management, operation, and maintenance of the stated property.

10.    Notwithstanding the aforesaid duty, the Defendant, WALMART INC., breached its duty to Plaintiff, JAMES WELDON STRICKLER, by creating and or maintaining an unsafe walkway in its store in one or more of the following ways by:

a)  Failing to reasonably inspect the premises in order to determine and identify unsafe and/or dangerous conditions existing on the premises;

b)  Failing to maintain the above-described premises in a reasonably safe condition;

c)  Failing to maintain a safe walkway in the vicinity of the rear bathrooms by creating and/or maintaining an abrupt, improper and unsafe transition from the main floor of the store to the bathroom area in question;

d)  Failing to follow applicable codes and standards including those promulgated by ADA which pertain to creating and maintaining safe walkways;

e)  Failing to warn invitees, including Plaintiff, regarding dangerous or unsafe conditions of which Defendant was aware or of which Defendant should have been aware through the exercise of reasonable care.

11.    As a direct and proximate result of the subject incident, Plaintiff, JAMES WELDON STRICKLER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related

[25049-18/8270084/2]

3

expenses, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition.   These losses are either permanent or continuing and Plaintiff, JAMES WELDON STRICKLER, will suffer the losses in the future.

WHEREFORE, Plaintiff, JAMES WELDON STRICKLER, demands judgment against Defendant, WALMART INC., for damages plus costs of this action and pre-judgment interest at the statutory rate for actual, out-of-pocket payments on past medical expenses calculated from the date payment was made, and actual wage losses, if any, to the extent allowed by law, and demands a trial by jury.

## COUNT II – JAMES WELDON STRICKLER – NEGLIGENT MODE OF OPERATION

Plaintiff, JAMES WELDON STRICKLER, realleges and incorporates herein paragraphs 1 through 8, above, and further states:

12.   Defendant, WALMART INC., was or should have been aware that improper and dangerous transitions within walkways of its many stores are dangerous to invitees, including but not limited to those customers who are disabled, such as Plaintiff.

13.   Defendant, WALMART INC., at all times material hereto, had a common law duty to refrain from engaging in negligent modes or methods of operation.

14.   Notwithstanding Defendant's duty as just stated, Defendant, WALMART INC, engaged in one or more of the following negligent modes or methods of operation:

    a) Failing to maintain consistent walkway levels among all of its stores, thereby creating an unsafe condition at the store in question;

    b) Failing to maintain consistent policies of inspection, maintenance and repair within its numerous stores in Florida, thereby creating an environment in which an unsafe walkway was created and perpetuated at Walmart store # 5391 in

[25049-18/8270084/2]

4

Collier County;

   c) Failing to initiate, implement, execute and enforce appropriate policies and procedures for customer safety in regard to implementation of safe walkways, including safe walkways for invitees as promulgated under the ADA;

   d) Failing to initiate, implement, execute and enforce appropriate policies and procedures regarding periodic inspections and evaluations of store facilities, including for safe walkways, in order to maintain a reasonably safe store.

15. As a direct and proximate result of the subject incident, Plaintiff, JAMES WELDON STRICKLER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition.   These losses are either permanent or continuing and Plaintiff, JAMES WELDON STRICKLER, will suffer the losses in the future.

WHEREFORE, Plaintiff, JAMES WELDON STRICKLER, demands judgment against Defendant, WALMART INC., for damages plus costs of this action and pre-judgment interest at the statutory rate for actual, out-of-pocket payments on past medical expenses calculated from the date payment was made, and actual wage losses, if any, to the extent allowed by law, and demands a trial by jury.

## COUNT III – JUDITH ANNE STRICKLER – LOSS OF CONSORTIUM

Plaintiff, Judith Anne Strickler, realleges and incorporates herein paragraphs 1 through 8, above, and further states:

16. On June 4, 2018, the date of the subject incident, and at all times material to this

[25049-18/8270084/2]

5

action, Plaintiff, JUDITH ANNE STRICKLER, and Plaintiff, JAMES WELDON STRICKLER, were husband and wife.

17.     As a direct and proimate result of the negligent acts or omissions described herein above, including negligent methods or modes of operation, Plaintiff, JUDITH ANNE STRICKLER, suffered the loss of the services, comfort, society, companionship and consortium of her spouse, Plaintiff, JAMES WELDON STRICKLER, for a substantial period of time.

WHEREFORE, Plaintiff, JUDITH ANNE STRICKLER, demands judgment against Defendant, WALMART INC., for copensatory damages plus costs of this action, and demands a trial by jury.

ASSOCIATES & BRUCE L. SCHEINER
Attorneys for the Injured
4020 Evans Avenue
P.O. Box 60049
Fort Myers, FL 33901-9309
Phone: (239) 939-2900
Primary e-mail: service@blslawyers.com
Secondary e-mail: service2.bls@gmail.com

By:   ____s/ Mark A. Miller_____
      Mark A. Miller, Esquire
      Florida Bar # 887889

[25049-18/8270084/2]

6