UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

       Plaintiffs,

v.                                                 Case No:  2:18-cv-781-FtM-38MRM

WALMART, INC.,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *sua sponte* review of Wal-Mart Stores East, L.P.'s Notice of Removal (Doc. 1). Plaintiffs James Weldon Strickler and Judith Anne Strickler sued Walmart Inc. in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida for negligence under Florida Law. (Doc. 2). Wal-Mart Stores East, L.P. removed this case based on diversity of citizenship. (Doc. 2).

The Notice of Removal is defective on its face because it was not signed by an attorney as required by Federal Rule of Civil Procedure 11(a), and because it was not filed by the named defendant. The Stricklers sued and served Walmart Inc., but Wal-Mart Stores East, L.P. filed the Notice of Removal. The record does not show that Wal-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Mart Stores East, L.P. has been joined or substituted as a party, and if Wal-Mart Stores East is not a party, it lacks standing to remove this case.

The substance of the Notice of Removal is also problematic. A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). To have original jurisdiction, the amount in controversy must exceed $75,000 and there must be a complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "A federal district court must therefore remand to state court any case that was removed without…the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent

home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).

Here, the Stricklers' citizenship is unclear. The Notice of Removal alleges the Stricklers are citizens of Florida based on their residence in Collier County, Florida. (Doc. 1 at 4). Walmart justifies this approach by arguing, "Plaintiffs' residence in Collier County, Florida is prima facia [sic] evidence of their domicile which is equivalent to citizenship for purposes of establishing diversity." (Doc. 1 at 4). But "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos*, 633 F.3d at 1341-42. Walmart has thus failed to properly allege the citizenship of the Stricklers, and the Court cannot determine whether diversity of citizenship is present. The Court will provide Walmart an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Wal-Mart Stores East, L.P. and/or Defendant Walmart Inc. shall cure the facial defects in the Notice of Removal and supplement the notice to show why the Court should not remand this case for lack of subject matter jurisdiction, all on or before **December 5, 2018. Failure to do so will result in this case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record