UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

    Plaintiffs,

v.                        Case No.:  2:18-cv-781-FtM-38MRM

WALMART STORES EAST, LP,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Defendant Walmart Stores East, LP's Motion in Limine (Doc. 53), Plaintiffs James and Judith Strickler's response in opposition (Doc. 54), and Walmart's reply (Doc. 66).  Walmart seeks two rulings: (1) limit Strickler's evidence of past medical expenses to the discounted amount actually paid by Medicare and AARP, not the amount charged by medical providers; and (2) permit Walmart to introduce evidence of available Medicare, Medicaid, Veteran's Administration ("VA"), and AARP benefits Strickler may have related to future damages.  Strickler opposes both requests.  The Court grants and denies the Motion in part.

    A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  These motions "are generally disfavored."  *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017).  "Evidence is excluded

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Id.* (internal quotation marks and citation omitted).

Strickler brought state-law claims, and the Court has diversity jurisdiction. The Federal Rules govern admissibility of evidence. *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018). However, determining damages is a substantive issue controlled by Florida law. *Hessen for Use & Benefit of Allstate Ins. v. Jaguar Cars, Inc.*, 915 F.2d 641, 645 (11th Cir. 1990). Florida's collateral source rule has both substantive and procedural aspects, with the damages component superseded by statute. *Joerg v. State Farm Mut. Auto. Ins.*, 176 So. 3d 1247, 1249 (Fla. 2015). On the first matter, the precise question is how much past medical expenses Strickler can seek to recover in damages (a substantive issue) and the resulting admissibility for relevance (a procedural one). *See Schenone v. Zimmer, Inc.*, No. 3:12-cv-1046-J-39MCR, 2014 WL 12619911, at *2 & n.2 (M.D. Fla. Aug. 27, 2014) (holding damages substantive and admissibility a procedural relevance matter under Federal Rules 401 and 402). While the second point is the admissibility of collateral source evidence, the answer is the same under either state or federal law.

The Court takes these matters in three parts.

First, the Court grants the Motion for any past medical expenses paid by Medicare. Strickler may introduce evidence only on the discounted amounts Medicare actually paid. In Florida, "a party is not entitled to recover the difference between the amount paid by Medicare or Medicaid and the amount charged by medical providers." *Bowen v. State Farm Mut. Auto. Ins.*, No. 6:10-cv-144-Orl-19DAB, 2010 WL 1257470, at *3 (M.D. Fla.

Mar. 29, 2010).[2]  Because Strickler can only recover the amount Medicare paid, he cannot introduce evidence of the higher rates charged by medical providers for which neither he nor Medicare is responsible.  That evidence is simply irrelevant to his past medical expenses as the charges were not incurred.  Addressing this exact issue, Judge Moody held a plaintiff with medical bills paid by Medicaid at a discounted rate could only introduce evidence of that amount, not the total amount billed.  *Sensini v. MTD Sw. Inc.*, No. 5:17-cv-113-Oc-30PRL, 2019 WL 2015957, at *1 (M.D. Fla. Jan. 7, 2019).  Other courts agree. *Lizarazo v. Greaves*, No. 1:16-cv-20558-UU, 2018 WL 8224944, at *1 (S.D. Fla. June 21, 2018).  The reason for such a rule is simple: courts cannot reduce or set off amounts paid by Medicare posttrial, so defendants must be able to limit the evidence on damages at trial to the amount paid as those were the only past expenses incurred.  *Matrisciani v. Garrison Prop. & Cas. Ins.*, No. 4D19-406, 2020 WL 3067749, at *3-4 (Fla. Dist. Ct. App. June 10, 2020).

Strickler points to a recent case, which differs because it only addressed future damages.  *Joerg*, 176 So. 3d at 1257.  In fact, a substantial part of *Joerg*'s reasoning was concern over the uncertain nature of future social legislation benefits and whether they would be enough to meet plaintiff's future damages.  While dicta buried within a footnote suggested the court might apply the rationale to past medical expenses, it never ruled on that issue.  *Id.* at 1256 n.7.  What is more, the decision repeatedly relied on *Johnson*, which held a plaintiff's past medical expense damages are limited to what Medicare paid

---

[2] *See also Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 959-60 (Fla. Dist. Ct. App. Apr. 14, 2004); *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547, 549-51 (Fla. Dist. Ct. App. 2003); *Nationwide Mut. Fire Ins. v. Harrell*, 53 So. 3d 1084, 1085-87 (Fla. Dist. Ct. App. 2010); *Boyd v. Nationwide Mut. Fire Ins.*, 890 So. 2d 1240, 1241 (Fla. Dist. Ct. App. 2005).

out. 872 So. 2d at 960. Finally, the issue here is intertwined with a damages calculation, which differs from *Joerg* (where a defendant sought to enter collateral source evidence).

Still, for an expansive interpretation of *Joerg*, Strickler cites a state trial court order with no reasoning and the Second District's later affirmance without opinion. Yet a PCA doesn't stand for anything. *Dep't of Legal Affairs v. Dist. Ct. of Appeal, 5th Dist.*, 434 So. 2d 310, 311-13 (Fla. 1983). It is "but a walking shadow, a poor player" strutting upon the Westlaw stage "full of sound and fury, Signifying nothing." *See* William Shakespeare, Macbeth, Act 5, Scene 5 (1606). As for the other state court order Strickler relies on, the Court is unpersuaded. It provides no rationale for the decision. And other Florida trial courts disagree. *Storch v. Arnov*, No. 2018 CA 009644, 2019 WL 1468007, at *1-2 (Fla. Cir. Ct. Feb. 13, 2019).

Strickler appears to concedes he cannot recover the difference between the price Medicare paid and the amount charged by providers. (Doc. 54 at 6). So he asks the Court permit introduction of the full-board charges, then simply set off or reduce the difference after trial. Yet the relevant statute prohibits the Court from doing so. Fla. Stat. § 768.76(2)(b) (excluding Medicare benefits from collateral sources capable of set off). Under the statute, there would be no way to set off past medical expenses posttrial to the amount incurred.³ *Dugas v. 3M Co.*, No. 3:14-cv-1096-J-39JBT, 2016 WL 3966289, at *1 (M.D. Fla. July 5, 2016). This would provide damages Strickler cannot recover. Given Medicare's contractual discounts, that recovery is not insubstantial (apparently over $450,000 here). Strickler contends Walmart can simply contest the reasonableness of past medical expenses. Yet the only way for Walmart to do so effectively would be to

---

³ Strickler made no argument on remittitur. The Court will not do so on his behalf. And as *Matrisciani* noted, remittitur would not apply here. 2020 WL 3067749, at *4.

enter Medicare evidence, running afoul the general collateral source rule. Thus—for past medical expenses paid by Medicare—the Motion is granted and Strickler can only offer evidence of the discounted amounts Medicare actually paid. To be clear, however, this ruling is limited to Strickler entering evidence for past medical expenses. Walmart cannot offer evidence of Medicare (nor any other insurer) paying Strickler's past medical expenses. *E.g.*, *Sensini*, 2019 WL 2015957, at *1, 3.

Second, the Court denies the Motion for any discounted amount paid by AARP. Strickler contends his AARP policy is a private insurance supplement to Medicare. So like other private insurance policies, Strickler can introduce the gross past medical expenses with any amount paid under the policy set off or reduced posttrial. *Nationwide Mut. Fire Ins. v. Harrell*, 53 So. 3d 1084, 1085-87 (Fla. Dist. Ct. App. 2010). This includes any contractual discount from AARP benefitting Strickler. *Goble v. Frohman*, 901 So. 2d 830, 833 (Fla. 2005). Walmart has not pointed to a single instance when a court limited a plaintiff's ability to introduce medical expenses paid by AARP or any similar nongovernmental entity. Thus, the Motion is denied as it relates to past medical expenses paid by AARP.

And third, Walmart seeks to introduce evidence of various insurance benefits available to Strickler related to future damages. If Walmart seeks to introduce evidence of private insurance, it cannot do so. *Sheffield v. Superior Ins.*, 800 So. 2d 197, 200, 203 (Fla. 2001). Likewise, if Walmart seeks to bring up public insurance programs (like Medicare and Medicaid), that evidence is inadmissible. *Joerg*, 176 So. 3d at 1257. As Justice Lewis explained at length, allowing defendants to introduce this evidence is improper because it is prejudicial, speculative, misleading for juries, and creates windfalls

5

for tortfeasors. *Id.* at 1253-57. Federal courts generally agree. *See Holder v. Anderson,* No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *3 (M.D. Fla. May 30, 2018). Thus, the Motion is denied as to Strickler's future medical expenses.

Accordingly, it is now

**ORDERED:**

Defendant's Motion in Limine (Doc. 53) is **GRANTED and DENIED in part**. Plaintiffs' evidence on damages related to past medical expenses paid by Medicare is **LIMITED** to the amount the program paid. In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record