UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

    Plaintiffs,

v.                                        Case No.:  2:18-cv-781-FtM-38MRM

WALMART STORES EAST, LP,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiffs James and Judith Strickler's (together "Strickler") Motion in Limine (Doc. 65) and Defendant Walmart Stores East, LP's Response in Opposition (Doc. 68).  The Motion takes a buckshot approach on various evidentiary issues.  Only some shots hit the mark, so the Court grants and denies the Motion in part.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  These motions "are generally disfavored." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017).  "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Id.* (internal quotation marks and citation omitted).

As to paragraphs 1, 2, 3, 4, 5, and 6, the Motion is denied as moot.  In its last Order (Doc. 67), the Court addressed those collateral source matters.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

On paragraph 7, Strickler asks to exclude reference to any "inappropriate" medical treatment.  Yet this challenge depends on the evidence and falls into the orbit of Federal Rules 401 and 403.  So the Court denies the Motion without prejudice until the parties put on evidence at trial.  If necessary, Strickler can renew the Motion on this basis at that time.  See *Whitmer v. Target Corp.*, No. 3:09-cv-962-J-32JBT, 2011 WL 13143581, at *1-2 (M.D. Fla. Feb. 16, 2011).

For paragraph 8, Strickler seeks to exclude reference to any of his previous trip-and-fall incidents.  Yet it can be reversible error to exclude such evidence.  *Higgs v. Costa Crociere S.p.A.*, 720 F. App'x 518, 520-21 (11th Cir. 2017).  *Higgs* explained the probative value of prior falls outweighed any prejudice because it offered a possible explanation for a trip apart from defendant's negligence.  *Id.*  The same is true here where causation and comparative fault are at issue.  So the Motion's blanket request in paragraph 8 is denied.  If necessary, however, Strickler may make objections to specific evidence at trial for relevance or prejudice, which the Court will decide then.

On paragraphs 9 and 10, the parties agree and the Motion is granted in part. Neither side's expert may attack the credibility or reputation of the other party's expert. *Dewit v. UPS Ground Freight, Inc.*, No. 1:16cv36-MW/CAS, 2017 WL 4863279, at *4 (N.D. Fla. Aug. 22, 2017).  Yet like Walmart argues, "An expert can criticize the methodology of another expert." *State Farm Mut. Auto. Ins. Physicians Injury Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-GJK, 2009 WL 6357793, at *24 (M.D. Fla. Jan. 9, 2009).  So the Court will not limit evidence in that regard.  Additionally, no party can reference authoritative texts, publications, or papers to improperly bolster an expert's opinion.  The Federal Rules, however, permit reference to such documents for certain purposes like

laying a foundation.  *Smith v. Royal Carribbean Cruises, Ltd.*, No. 13-20697-Civ., 2014 WL 5312534, at *2 (S.D. Fla. Oct. 10, 2014); *Dewit*, 2017 WL 4863279, at *4 & n.4.  So the Court will not completely preclude those references, and Strickler must make objections at trial.

On paragraphs 11, 15, 16, 17, the Motion is denied.  Strickler seeks to limit the expert testimony to that disclosed in the reports or depositions, exclude irrelevant evidence, and preclude Walmart from making derogatory comments about damages.  As Judge Magnuson once said, this "is not the stuff of a motion in limine."  *See Whitmer*, 2011 WL 13143581, at *1-2.  The Federal Rules of Civil Procedure and Evidence address all these matters.  So there is no need to limine out that evidence, and Strickler must make those objections at trial.

As to paragraph 12, the Motion is denied as moot.  The Court already ruled on the admissibility of the expert opinion during summary judgment.  (Doc. 44 at 8-10).

For paragraph 13, the Motion is granted based on the parties' agreement.  No party will discuss an "insurance crisis" or damaging Walmart's "bottom line."

On paragraph 14, the parties agree, and the Motion is granted.  They will not discuss their personal beliefs about the justness of the case, credibility of witnesses, or personal knowledge of the facts.

As to paragraph 18, the Motion is granted given the parties' agreement.  Neither side may encourage the jury to "send a message."

And finally, for paragraph 19, the Motion is denied.  The Court will conduct voir dire and question venire members according to its policies and practices like any other trial.

Accordingly, it is now

3

**ORDERED:**

(1) Plaintiffs' Amended Motion In Limine (Doc. 65) is **GRANTED and DENIED in part**.

(2) The Motion is **granted** as to paragraphs 13, 14, and 18.

(3) The Motion is **granted in part** as to paragraphs 9 and 10.

(4) The Motion is **denied** as to paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 15, 16, 17, and 19.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of August, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record