UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WELDON STRICKLER and
JUDITH ANNE STRICKLER,

    Plaintiffs,

v.                                          Case No.:   2:18-cv-781-FtM-38MRM

WALMART STORES EAST, LP,

    Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 83) and Defendant's response in opposition (Doc. 86). Plaintiffs seek reconsideration of the Court's Order (Doc. 67), which granted in part Defendant's motion in limine (Doc. 53).

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017) (internal quotation marks and citation omitted). An "order on a motion *in limine,* remains subject to reconsideration by the court throughout the trial." *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919981, at *1 (M.D. Fla. Sept. 9, 2018) (internal quotation marks, citation, and some emphasis omitted).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After a careful review of all the briefing on both motions and the relevant law, the Court concludes reconsideration is unnecessary. Most of the Motion is mere reargument surrounding a case—*Joerg v. State Farm Mut. Auto. Ins.*, 176 So. 3d 1247 (Fla. 2015)—the Court considered and distinguished in its previous Order. To the extent that Plaintiffs raise new arguments, they fall flat.

Plaintiffs now contend they would stipulate to reducing past medical damages to the amount Medicare paid after trial. Even if the parties could do so, Defendant has not agreed to such a stipulation. What is more, this only reinforces the Court's conclusion that (under Florida law) Plaintiffs cannot recover past medical damages beyond the amount paid by Medicare. So evidence of the higher amounts charged, which were never due, are irrelevant to Plaintiffs' past medical damages.

Relatedly, Plaintiffs argue "the law neither recognizes nor permits a distinction between 'past collateral sources' and 'future collateral sources.'" (Doc. 83 at 4). But as it relates to the substantive collateral source rule—which the Order relied on—Florida law draws that difference. *Allstate Ins. v. Rudnick*, 761 So. 2d 289, 292-93 (Fla. 2000) (The set-off statute "includes only those benefits that have already been paid or that are presently due and owing, rather than those benefits potentially payable in the future."); *Joerg*, 176 So. 3d at 1249 (The set-off statute "does not allow reductions for *future* medical expenses."). While the set-off statute excludes Medicare for its purposes, Florida intermediate courts still hold plaintiffs cannot recover Medicare contractual discounts as part of their past medical expenses because the statute abrogated Florida's common law collateral source rule for damages. And they all instruct trial courts to limine out that evidence pretrial. To be sure, the Florida Supreme Court has not specifically addressed

that issue. But as for private insurance, it held contractual discounts must be set off (i.e., plaintiffs cannot recover that amount). Goble v. Frohman, 901 So. 2d 830, 833 (Fla. 2005).[2]

And finally, Plaintiffs' dispute over the posttrial reduction of past medical expenses fails to land. The case it relies on did not remand with instructions for the trial court to set-off contractual discounts or apply remittitur. Coop. Leasing, Inc. v. Johnson, 872 So. 2d 956, 960 (Fla. Dist. Ct. App. 2004). Rather, Johnson held the "trial court should have granted [a pretrial] motion in limine" and restricted the evidence of plaintiff's past damages to the amount Medicare paid. Id. at 957, 960. Given that, Johnson reversed the judgment for plaintiff and remanded "for recalculation of damages." Id. at 960. It is unclear exactly what Johnson expected the trial court to do on remand. Plainly, however, the case clarifies evidence of Medicare contractual discounts should be excluded in the first place because "the appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills." Id.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration of Opinion and Order Granting Defendant Walmart Stores East, LP's Motion in Limine (Doc. 83) is **DENIED**.

---

[2] There, then-Justice Lewis (who later wrote Joerg) explained how Florida's Medicare cases differ from its common law collateral source rule for damages. Id. at 835-37 (Lewis, J., concurring in result only) ("Recent Medicare and Medicaid concepts are purely statutory programs which have impacted and artificially established the reasonable charges for which recovery may be made.").

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record